■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN GRAVES, Also Known as ANTHONY GRAVES, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the former County Court, Kings County, rendered November 2, 1953, on his plea of guilty, convicting him of grand larceny in the second degree and imposing a term of 2½ to 5 years, defendant appeals from an order of the Supreme Court, Kings County, dated January 4,

1971, which denied the application after a hearing. Order affirmed. Defendant, contending that he was deprived of his right to appeal from the judgment, seeks relief pursuant to *People* v. *Montgomery* (24 N Y 2d 130). At the hearing defendant, who was 16 years old at the time of the commission of the crime in 1953, testified without contradiction that at the time the judgment was rendered he was ignorant of his right to appeal; that he was not advised of that right by his assigned counsel; and that if he had been aware of such right he would have appealed on the ground that his sentence was excessive. He also testified to a present intention to appeal from the judgment on the ground that the complaint had charged the theft of an automobile of a value in excess of $300, while the indictment, which charged grand larceny in the first degree, alleged the theft of an automobile of a value in excess of $500. In our opinion, defendant has not met the standards announced by the Court of Appeals in *People* v. *Lynn* (28 N Y 2d 196) and is not entitled to relief. While his claim of excessive sentence may have been viable in 1953 in the sense that a sentence greater than the minimum allowable was imposed, it may no longer be considered to be viable. The sentence has long since expired. No tangible relief can be afforded to defendant upon an appeal at this time even if the sentence were to be modified. Under the circumstances we can conceive of no rational basis for reviving his right of appeal upon this ground. Nor do we find that defendant's allegation with respect to the alleged inconsistency between the complaint and the indictment affords a sufficient basis for relief. Such a contention does not constitute a " genuine appealable issue " as required by *People* v. *Lynn* (*supra,* p. 205; *People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258). Rabin, P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.