■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE N. MURPHY, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 29, 1981, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. At approximately 3:00 P.M. on January 19, 1981, officers of the Albany Police Department responded to a radio call concerning a burglary in progress at 399 Clinton Avenue. Upon arriving at the scene, the officers went to the second floor where they saw defendant and Denise Rhodes standing in the hallway outside of complainant James Goreham's apartment. Defendant was holding a brown bag. A doorknob and lock had been torn off the apartment door, which had previously be locked by Goreham. Goreham showed the officers the inside of his apartment, which was a mess with items scattered everywhere, and then told them that defendant and Rhodes had been inside his apartment without his permission. Defendant was then placed under arrest and read *Miranda*

warnings. When defendant was asked why he was in the building, he told the officers that he thought Goreham's apartment belonged to a friend who owed him money. The brown bag was opened on the scene and Goreham's cassette tapes were found therein. Subsequently, during the booking and inventory search of defendant at the police station, Goreham's gold ring was found on defendant's hand. The booking and inventory search of Rhodes revealed 10 other rings that had been in Goreham's apartment and that belonged to Goreham's girlfriend. Rhodes said that defendant gave her the 10 rings. On January 27, 1981, defendant was indicted for the crimes of burglary in the third degree and petit larceny.[1] On January 30, 1981, defendant was arraigned and thereafter committed to the custody of the Albany County Sheriff. On September 18, 1981, defendant's motion to dismiss the indictment on statutory speedy trial grounds was denied. Following a jury trial, defendant was found guilty as charged. A hearing to determine whether defendant was a persistent felony offender (CPL 400.20) was held and, thereafter, defendant was sentenced, as a persistent felony offender, to serve an indeterminate term of imprisonment having a minimum of 25 years and a maximum of life. This appeal ensued. Defendant contends that his statutory right to a speedy trial (CPL 30.20, subd 2) was violated because, during the period prior to his trial, when he was in custody, other cases went to trial wherein the defendants involved were not in custody. However, contrary to defendant's assertion, and as the trial court correctly noted, the language of CPL 30.20 (subd 2) is not absolute since it states that: *"Insofar as is practicable,* the trial of a criminal action must be given preference over civil cases; and the trial of a criminal action where the defendant has been committed to the custody of the sheriff during the pendency of the criminal action must be given preference over other criminal actions"* (emphasis added). Given the discretion that this statute rests in the Trial Judge, the trial court's determination should not be disturbed in this case (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.20, p 136). Defendant next contends that the trial court committed reversible error when it denied his request, during jury selection, to make a late challenge for cause concerning a prospective juror. However, any error in this regard cannot constitute reversible error. CPL 270.20 (subd 2) provides, *inter alia,* that: "An erroneous ruling by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and *his peremptory challenges are exhausted before the selection of the jury is complete"* (emphasis added). In this case, it is undisputed that defendant's peremptory challenges had not been exhausted by the time that jury selection was complete. Defendant also asserts that he should not have been sentenced as a persistent felony offender because the record failed to establish that he was sentenced "to a term of imprisonment in excess of one year" (Penal Law, § 70.10, subd 1, par [b], cl [i]) as to his 1972 conviction for escape in the first degree. This contention, however, must be rejected. The People offered into evidence a certificate of conviction, dated December 11, 1972, showing that defendant was convicted of the felony of escape in the first degree (Penal Law, § 205.15) and sentenced thereon to a "reformatory term".[2] It was also revealed at the persistent felony hearing that defendant *did serve* a reformatory term in excess of one year as a result of his conviction for the crime of escape in the first degree. Defendant began his sentence on December 21, 1972 and was released on parole on April 18, 1975. This being the case, the sentencing court properly relied upon

1. Codefendant Denise Rhodes pleaded guilty prior to defendant's trial.

2. A second felony conviction, dated December 22, 1975, for attempted robbery in the first degree formed the basis for the instant persistent felony offender sentence.

defendant's 1972 conviction to support the persistent felony offender determination (*People v Wright,* 69 Misc 2d 1050, affd 43 AD2d 666, affd 35 NY2d 944). We note that defendant failed to object to the trial court's charge to the jury and thus we may not review the claimed errors in the court's charge unless we do so in the exercise of this court's discretion to reverse in the interest of justice (CPL 470.15; *People v Coleman,* 98 AD2d 942). We do not find that this case warrants the exercise of that discretion. We have examined defendant's remaining arguments and find them to be without merit. Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.