■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. CAREY, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered September 29, 1982, upon a verdict convicting defendant of two counts of the crime of grand larceny in the second degree. ¶ Defendant met Eugenia Hale, a widow, in September of 1981 and began seeing her on a regular basis. In December of 1981, defendant told Hale about a business venture in which he was about to become involved and requested that she provide him with funds. She agreed and, in January of 1982, pursuant to defendant's instructions, gave him two checks, one in the amount of $30,000 and the other in the amount of $8,000. Defendant was to have used the money to purchase an interest in a cable television business from one Robert Grayson. When defendant failed to have the necessary papers drawn up and was observed to be spending large amounts of money on personal items, Hale and Grayson grew suspicious and contacted the police. Defendant never entered into the business transaction with Grayson and has never returned the $38,000 to Hale. ¶ Defendant was charged with two counts of second degree grand larceny (Penal Law, § 155.35) based on larceny by false promise (Penal Law, § 155.05, subd 2, par [d]). After a jury trial, defendant was found guilty on both counts and was sentenced to two concurrent indeterminate terms of two and one-third to seven years. This appeal by defendant ensued. ¶ Defendant raises a number of issues, only two of which warrant comment. First, he argues that the People failed to establish the requisite intent. Section 155.05 (subd 2, par [d]) of the Penal Law provides: ¶ "A person obtains property by false promise when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he or a third person will in the future engage in particular conduct, and when he does not intend to engage in such conduct or, as the case may be, does not believe that the third person intends to engage in such conduct. ¶ "In any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. Such a finding may be based only upon evidence establishing that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed". ¶ In a prosecution based on this statute, there is rarely direct proof of intent. Rather, intent must be inferred from the facts and circumstances. In such a situation, the intent element is crucial because, where a defendant's failure to perform his promise is nothing more than a failure to pay his debts or an inability to perform contractual obligations, his conduct is simply a breach of contract, a civil wrong, and does not amount to larceny (see *People v Churchill,* 47 NY2d 151). To distinguish this fine line, the People must "prove to a moral certainty that at the time of the promise the defendant had no intention that it would be performed" (*id.,* at p 158). ¶ In the instant case, there was sufficient testimony which, if believed, would support the jury's finding of the necessary intent. For example, while defendant claimed that he

intended to purchase an interest in Grayson's business, he never completed any of the necessary paperwork, though he told Grayson that he would contact his attorney. Also, there was testimony that, almost immediately after receiving the money from Hale, defendant went on several "spending sprees", including one to Florida with another woman. In our view, the evidence established criminal intent to a moral certainty. ¶ Defendant also alleges as error the trial court's charge on the issue of intent. Since defendant failed to timely object to the charge, we may not review the claimed error unless we do so as an exercise of our discretion to reverse in the interest of justice (see *People v Murphy,* 99 AD2d 613, 615). Since defendant's contention is without merit, this case does not warrant the exercise of that discretion. ¶ In response to a question from the jury regarding the timing of the intent, the trial court stated, "It's not necessarily any specific moment in time, but rather it's the overall representations made throughout the period, leading up to the actual payment." Defendant urges that this instruction was confusing and erroneous. We disagree. It is true that the criminal intent must be present at the time a defendant obtains the property (Penal Law, § 155.05, subd 2, par [d]). However, it is not unusual that a financial transaction of the magnitude involved herein would not take place in an instant, but over a period of time involving a certain amount of negotiation. Such is the case here. While Hale may not have physically delivered the two checks until January 22, 1982, it is apparent that she and defendant had discussed the matter for about one month before that date and that she agreed to give defendant the money at some point shortly before such time. Thus, the trial court's instruction was not erroneous. ¶ We have considered defendant's other contentions and find them without merit. ¶ Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Mikoll, JJ., concur.