■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE CARDELLA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Groh, J.), both rendered May 22, 1985, convicting him of forgery in the second degree and criminal possession of a forged instrument in the second degree under indictment No. 3846/82, and criminal possession of forgery devices under indictment No. 3901/82, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Browne, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence and statements made by him to law enforcement officials.

Ordered that the judgments are reversed, on the law, the pleas are vacated, that branch of the defendant's motion which was to suppress the contents of the communications intercepted pursuant to an electronic surveillance device under CPL 700.70 is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

The defendant's contention that the hearing court erred in denying that branch of his omnibus motion which sought suppression of the identification testimony on the ground that the People failed to comply with the notice requirements of CPL 710.30 (1) (b) is without merit. The record clearly establishes that the People did not have testimony of the type specified in CPL 710.30 (1) (b) to offer at trial with respect to this defendant (see, People v White, 73 NY2d 468; People v Gissendanner, 48 NY2d 543, 552).

Also without merit is the defendant's contention that the hearing court erred in concluding that the law enforcement officials involved had probable cause to arrest the defendant and to search the car in which he was arrested. The record supports the hearing court's determination that, based upon the information received by the law enforcement officials through their own personal observances and through known and reliable sources, many of whom testified at the suppression hearing, those officials had reasonable cause to believe that one or more crimes were being committed and that the defendant was involved in the commission of those crimes (see, People v De Bour, 40 NY2d 210, 223). This information also supplied them with reason to believe that the vehicle in which the defendant was arrested, or its visible contents, may have been related to the crime for which the defendant was ar-

rested *(see, People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49, 54-55).

The hearing court did err, however, in denying that branch of the defendant's omnibus motion which was to suppress the evidence, obtained pursuant to the eavesdropping warrant issued with respect to the telephone in the residence of Frank Piazza, on the basis of the People's failure to comply with the notice requirements of CPL 700.70. That statute provides that the contents of such intercepted communications, "or evidence derived therefrom", may not be used against a defendant at trial "unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant, and accompanying application, under which interception was authorized or approved". The People admittedly failed to comply with this directive, apparently because they did not intend to offer the contents of the intercepted communications against the defendant at trial. The court accepted this explanation as "good cause shown" (CPL 700.40) for the People's noncompliance, and, upon its finding that the defendant would not be prejudiced by the delay, directed the People to serve the defendant with a copy of the warrant and application approximately five months after the statutory time within which to do so had expired *(see,* CPL 700.70).

Initially, we observe that CPL 700.70 provides that the "fifteen day period may be extended by the trial court upon good cause shown"; it does not permit the court to allow the People "to serve [the required] notice thereafter" *(cf.,* CPL 710.30 [2]). Thus, there is some question as to whether the court was statutorily authorized to extend the 15-day notice requirement after the period had already expired *(see, People v Schulz,* 67 NY2d 144, 150-151; *People v Basilicato,* 64 NY2d 103, 118). In any event, we conclude that the excuse belatedly proffered by the People for the failure to comply with the 15-day notice requirement, that is, that the People did not intend to use the *intercepted communications* at trial, does not constitute "good cause shown" *(see, People v Schulz,* 67 NY2d 144, 151, *supra).* Thus, not only the intercepted communications, but also any evidence derived therefrom, must be suppressed *(see,* CPL 700.70). Since, on this record, we are unable to determine what effect, if any, the hearing court's erroneous ruling may have had on the defendant's decision to plead guilty, reversal of the judgments of conviction and vacatur of the guilty pleas are required *(see, People v Coles,* 62 NY2d 908;

*People v Guillermo,* 137 AD2d 832; *People v Riddick,* 110 AD2d 787).

In addition, because the court accepted the People's tardy "good cause" offer, they were not given an opportunity to establish that the evidence they intended to use at trial against the defendant was derived from a source independent of the intercepted communications. Thus, a hearing on this issue must be conducted prior to future proceedings on the indictment.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.