■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BLACK, Appellant.—Appeal by the defendant from a sentence of the County Court, Westchester County (Nicolai, J.), imposed October 24, 1990, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being an indeterminate term of from 5 to 10 years imprisonment.

Ordered that the sentence is modified, on the law, by reducing the minimum term of imprisonment from 5 to 4½ years, and reducing the maximum term of imprisonment from 10 to 9 years; as so modified, the sentence is affirmed.

As part of the plea agreement, the defendant agreed that he would waive his right to contest his prior felony offender status. However, at sentencing, the defendant sought to challenge his status as a prior felony offender. The court responded that the defendant's application constituted a violation of the plea agreement, and that no matter what the outcome was of a hearing to determine whether the defendant was a prior felony offender, the defendant would not receive the sentenced promised at the plea agreement. After a brief colloquy during which the People produced certified records of the defendant's prior convictions, the defendant abandoned his

application and admitted his status as a prior felony offender. Before pronouncing sentence, and without offering the defendant the option to withdraw his plea, the court sentenced the defendant to 5 to 10 years imprisonment instead of the agreed-upon term of 4½ to 9 years imprisonment.

The defendant argues, and the People concede, that the court erred in unilaterally imposing an enhanced sentence without having previously warned the defendant during the plea allocution that such a consequence could result upon his failure to abide by the plea conditions *(see, People v Farrar,* 52 NY2d 302, 308; *People v Selikoff,* 35 NY2d 227, 240; *cf., People v Caridi,* 148 AD2d 625). Since the People have consented to a reduction of the defendant's sentence to the term of imprisonment originally promised as part of the plea agreement, and because we find that it constitutes an appropriate sentence, we have reduced the sentence accordingly. Mangano, P. J., Thompson, Balletta, Ritter and Pizzuto, JJ., concur.