■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC PHAM, Appellant. [731 NYS2d 254] —Crew III, J. P. Appeals (1) from a judgment of the County Court of Albany County (Rosen, J.), rendered February 6, 1998, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree, and (2) by permission, from an order of said court, entered February 2, 1999, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction or to set aside the sentence, without a hearing.

Defendant entered into a plea bargain pursuant to which it was agreed that he would waive his right to appeal from the judgment of conviction and would plead guilty to the crime of attempted burglary in the third degree in exchange for a sentence of six months in jail and five years' probation. As a further condition of the plea, defendant agreed to cooperate in the prosecution of his two codefendants, as well as in a separate criminal investigation. Of note, County Court did not advise defendant that if he was arrested on new charges pending sentence, the court would be relieved of its sentencing commitment.

During the period between his plea and the date scheduled for sentencing, defendant was arrested on charges of attempted rape and unlawful imprisonment. At sentencing, the People noted such arrest and the failure of defendant to meet with the

District Attorney as promised* and, based upon those two events, requested that defendant be sentenced to an indeterminate term of imprisonment. County Court declined to adhere to the plea bargain and sentenced defendant to a term of 1⅓ to 4 years in prison. Defendant appeals from the judgment of conviction, as well as from an order denying his motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction or to set aside the sentence.

Initially, we note that County Court was correct in denying defendant's postconviction motion to vacate the judgment or set aside the sentence, as all of the allegations of error appear on the record and could have and/or have been raised on direct appeal. Turning to defendant's challenge to the sentence, we note that County Court did not condition the promised sentence upon defendant refraining from any further criminal activity between the time of the plea and his scheduled appearance for sentencing and did not advise defendant that his failure to abide by the stated plea conditions could result in an enhanced sentence. Under the circumstances, defendant could not be subjected to enhanced sentencing on those bases without being afforded the opportunity to withdraw his plea (*see, e.g.*, *People v Black*, 187 AD2d 517, 518; *compare*, *People v Caines*, 268 AD2d 790, *lv denied* 95 NY2d 833). Accordingly, we must modify the judgment by vacating the sentence and remitting the matter to County Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order is affirmed.

---

* The record reflects that sentencing specifically was adjourned so that defendant could meet with the District Attorney, as promised, and that a date certain was scheduled for such meeting. It appears that defendant failed to appear due to his incarceration on the new charges.