■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CUNNINGHAM, Appellant. [758 NYS2d 832] —Appeal by the defendant, by permission, from (1) an order of the Supreme Court, Queens County (Rotker, J.), dated April 8, 1998, which denied his motion pursuant to CPL 440.20 to set aside a sentence imposing an indeterminate term of imprisonment of 2 to 5 years, upon a judgment of the same court (Bosch, J.),

rendered July 29, 1963, convicting him of attempted grand larceny in the second degree, upon his plea of guilty, and (2) so much of an order of the same court, dated April 17, 1998, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 8, 1998, is dismissed, as that order was superseded by the order dated April 17, 1998, made upon reargument; and it is further,

Ordered that the order dated April 17, 1998, is affirmed insofar as appealed from.

On July 29, 1963, the defendant was sentenced in Queens County to an indeterminate term of imprisonment of 2 to 5 years upon his conviction of the crimes of attempted grand larceny in the second degree. On appeal, the defendant contends that this sentence should have been set aside pursuant to CPL 440.20 because it was harsh and excessive. However, CPL 440.20 authorizes a sentence to be set aside only upon the grounds that "it was unauthorized, illegally imposed or otherwise invalid as a matter of law," and generally does not encompass excessive sentence claims, which must be raised on direct appeal (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.20, at 558; *see also People v Bronsky,* 21 AD2d 981 [1963]). Moreover, since the sentence has long since expired, no tangible relief could be afforded to the defendant even if the sentence were to be modified (*see People v Graves,* 37 AD2d 623, 623-624 [1971]; *see also People v Donaldson,* 55 AD2d 844 [1976]). S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.