■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILIP K. BOYCE JR., Respondent. [783 NYS2d 722]—

Kane, J. Appeal from an order of the County Court of Washington County (Berke, J.), entered August 21, 2003, which granted defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of assault in the second degree, after a hearing.

In September 2000, defendant pleaded guilty to one count of assault in the second degree in satisfaction of a six-count indictment. He was then sentenced, pursuant to the plea agreement,

to a two-year term of imprisonment. County Court did not impose a specific period of postrelease supervision at the time of sentencing, but a three-year period of postrelease supervision was "automatically included" (*People v Lindsey*, 302 AD2d 128, 129 [2003], *lv denied* 100 NY2d 583 [2003]; *see* Penal Law § 70.45 [2]; *Matter of Deal v Goord*, 8 AD3d 769, 769 [2004]). Defendant was released in 2002 and violated the terms of his supervision shortly thereafter. The Board of Parole ordered that he be imprisoned for the entire term of his postrelease supervision. Defendant moved pursuant to CPL 440.20 to set aside his sentence on the basis that County Court did not advise him at the time of his plea that he was subject to a mandatory period of postrelease supervision. At the hearing on the motion, defense counsel requested that County Court exercise its discretion under Penal Law § 70.45 (2) to reduce the period of postrelease supervision to 1½ years. County Court then granted defendant's motion, and modified his original sentence to include a 1½-year period of postrelease supervision. The People appeal.

We reverse. Where a court fails to advise a defendant of the mandatory period of postrelease supervision prior to the entry of a guilty plea, we have held that "a defendant's sentence must be vacated to afford him or her the opportunity to withdraw a plea" (*People v Munck*, 4 AD3d 627, 628 [2004], *lv denied* 2 NY3d 803 [2004]; *see People v Goss*, 286 AD2d 180, 183-184 [2001]). If, as here, the plea and sentence both precede our decision in *People v Goss* (*supra*), we have applied the rule even if defendant fails to preserve the issue by making an appropriate motion before County Court (*see* CPL 470.15 [3] [c]; *People v Munck, supra* at 628; *People v Grose*, 2 AD3d 1211, 1212 [2003]).

County Court in this case did not give defendant the opportunity to withdraw his plea—indeed, defendant apparently has no interest in withdrawing his plea—but instead resentenced defendant and reduced the period of postrelease supervision. Defendant's only remedy, however, is the opportunity to withdraw his plea. We have held on several occasions that a defendant who was not informed of the postrelease supervision requirement "is not entitled to modification of the sentence to eliminate [or reduce] the postrelease supervision requirement" (*People v Vahedi*, 305 AD2d 866, 866 [2003]; *see People v Rawdon*, 296 AD2d 599, 599-600 [2002], *lv denied* 98 NY2d 771 [2002]; *People v Housman*, 291 AD2d 665, 667 [2002], *lv denied* 98 NY2d 638 [2002]).

We agree with County Court that it is entitled, in its discretion, to impose a lesser period of postrelease supervision "at the time of sentence" (Penal Law § 70.45 [2]; *see* CPL 430.10).

However, this case deals with a motion pursuant to CPL 440.20, which authorizes a court to set aside a sentence where the sentence "was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). County Court did not, nor do we, find any such infirmity with the original sentence. At best, County Court's reduction of the period of postrelease supervision is due to its belief that the sentence was excessive, and CPL 440.20 "does not encompass excessive sentence claims, which must be raised on direct appeal" (*People v Cunningham*, 305 AD2d 516, 517 [2003]). As the original sentence was legal, defendant's motion should have been denied.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion denied and three-year period of postrelease supervision reinstated.