■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADY W. O'HANLON, Appellant. [785 NYS2d 795]—

Lahtinen, J. Appeal, by permission, from an order of the

County Court of Tompkins County (Sherman, J.), entered May 17, 2000, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of robbery in the first degree, robbery in the second degree (three counts), unlawful imprisonment in the first degree (two counts), assault in the third degree (two counts), petit larceny and criminal mischief in the fourth degree, without a hearing.

In February 1997, defendant was convicted following a trial of numerous crimes arising from the violent assault and robbery of two individuals in the Town of Ithaca, Tompkins County. His judgment of conviction was thereafter affirmed by this Court on appeal (252 AD2d 670 [1998], *lv denied* 92 NY2d 951 [1998]). As part of the sentence, County Court ordered that defendant and his codefendants were jointly and severally liable for restitution in the amount of $3,355.05, plus a five percent surcharge, to be paid to the victims within five years. In April 2000, defendant moved pursuant to CPL 440.20 to set aside that part of the sentence ordering restitution on the ground that the victims' out-of-pocket expenses were less than the amount of restitution ordered. County Court denied the motion without a hearing, resulting in this appeal.

Initially, we note that insofar as defendant's challenge is to the amount of restitution awarded, and not to whether the award "was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]), a motion pursuant to CPL 440.20 is not the appropriate remedy (*see e.g. People v Cunningham,* 305 AD2d 516 [2003]). Moreover, although defendant did not specifically challenge the restitution ordered as part of his direct appeal of the sentence, he certainly had the opportunity to do so as all of the information pertaining to the victims' out-of-pocket expenses was available to him at that time. Given this omission, County Court properly denied his postconviction motion to set aside the sentence (*see People v Pham,* 287 AD2d 789, 790 [2001]).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed.