■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE N. MURPHY, Appellant. [829 NYS2d 757]—

Rose, J. Appeal, by permission, from an order of the County Court of Albany County (Herrick, J.), entered April 26, 2005, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of burglary in the third degree and petit larceny, without a hearing.

In 1981, defendant was convicted of the crimes of burglary in the third degree and petit larceny. After he was found to be a persistent felony offender due to his prior felony convictions, he was sentenced to the maximum permissible term of imprisonment, 25 years to life. Defendant's conviction and persistent felon status were later affirmed by this Court (99 AD2d 613, 614-615 [1984]). In 2005, defendant moved pursuant to CPL 440.20 to have his sentence set aside on a variety of grounds. County Court denied his motion without a hearing, and he now appeals.

Defendant argues, and the People concede, that County Court (Clyne, J.) violated CPL 380.20 by failing to sentence him on his conviction for petit larceny, the second charge on which he had been convicted (*see* CPL 380.20). As there can be no dispute that CPL 380.20 requires the trial court to pronounce sentence

upon each count of an accusatory instrument for which a defendant has been convicted, the matter must be remitted for resentencing (*see People v Sturgis*, 69 NY2d 816 [1987]; *People v Adkins*, 236 AD2d 850 [1997], *lv denied* 90 NY2d 854 [1997]; *People v Lum*, 102 AD2d 992 [1984]).

Defendant also challenges the severity of his sentence as being the product of the sentencing court's bias and abuse of discretion in considering a separate assault charge which had been dismissed. Since it is well settled that a motion pursuant to CPL 440.20 "generally does not encompass excessive sentence claims, which must be raised on direct appeal" (*People v Cunningham*, 305 AD2d 516, 517 [2003]) and defendant had a full opportunity to have his sentenced reviewed upon his prior appeal (*see People v Boyce*, 12 AD3d 728, 730 [2004], *lv denied* 4 NY3d 741 [2004]; *see also People v O'Hanlon*, 13 AD3d 718, 719 [2004]), we decline to address his contention.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion granted, sentence vacated, and matter remitted to the County Court of Albany County for resentencing.