OPINION OF THE COURT
William C. Donnino, J.
*314 A sentence of a defendant, as a multiple-felony offender, is not rendered illegal solely because the prosecutor did not allege in the predicate statement the periods of time which had been tolled because of the defendant’s incarceration.
Before sentence, the defendant was adjudicated a persistent violent felony offender. The District Attorney’s predicate statement alleged two prior felony convictions, both of which occurred more than 10 years prior to the instant conviction. The statement included the length of the sentences on those two prior felony convictions, but the statement did not state, as required by statute, what periods were tolled because of the defendant’s incarceration.
The defendant moved to set aside his sentence as illegal under CPL 440.20, claiming in part that the District Attorney’s predicate statement was on its face fatally flawed because it omitted allegations that the running of the 10-year limitations period had been tolled by the defendant’s incarceration. The defendant did not affirmatively allege that the running of the 10-year limitations period had not been tolled by his incarceration.
An error in the allegations of a predicate statement, however, without any facts in support of a claim that the error ultimately led to a predicate adjudication that was incorrect, does not require resentencing pursuant to the provisions of CPL 440.20. Accordingly, the court has denied the defendant’s motion.*
CPL 440.20 (1) provides that a sentence may be set aside only if it is “unauthorized, illegally imposed or otherwise invalid as a matter of law.” But not all errors or defects in a sentencing proceeding result in a sentence that is illegal under this standard. (People v Corso, 40 NY2d 578, 580 [1976]; see also People v O’Hanlon, 13 AD3d 718, 719 [3d Dept 2004] [error in restitution amount included in defendant’s sentence does not render sentence illegal under CPL 440.20]; People v Murphy, 37 AD3d 976, 977 [3d Dept 2007] [sentencing court’s alleged improper consideration of dismissed charge and alleged bias against defendant does not render sentence illegal within meaning of CPL 440.20]; People v Campo, 308 AD2d 406, 407 [1st Dept 2003] *315 [CPL 440.20 motion does not encompass claim of factual error in presentence report if error did not affect sentence, even if it does affect defendant’s eligibility for prison programs]; People v Nazarian, 150 AD2d 923 [3d Dept 1989] [court’s improper reliance on probation officer to give defendant written copy of conditions of probation, although “clear violation” of CPL, did not render sentence illegal under CPL 440.20].)
The issue presented by the defendant’s motion, then, is whether the omission of tolling allegations from a District Attorney’s predicate statement renders the resulting sentence per se “unauthorized, illegally imposed or otherwise invalid as a matter of law,” pursuant to CPL 440.20 (1).
While there appears to be no appellate authority adjudicating such a claim under CPL 440.20, there is appellate authority to the effect that such omission does not render the sentence illegal per se on a direct appeal from the judgment. And that appellate authority is analogous to, and dispositive of, the instant claim.
Ordinarily, an appellate court is only required to review claims of error that have been preserved as a question of law, normally by an appropriate protest. (CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Lopez, 71 NY2d 662 [1988].) Some claimed sentencing errors, however, “involve[ ] the essential nature of the right to be sentenced as provided by law,” and so must be reviewed as a matter of law even if they are not preserved. (People v Samms, 95 NY2d 52, 56 [2000] [citations and internal quotation marks omitted]; see also People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Sullivan, 153 AD2d 223, 232-233 [2d Dept 1990].) This is commonly known as the “illegal sentence” exception to the preservation requirement. (People v Nieves, 2 NY3d at 315.)
An omission of tolling allegations from a prosecutor’s predicate statement, which is not protested in the trial court, does not, on direct appeal, constitute an “illegal sentence” as a matter of law. It is only when, in addition to the omission of tolling information, the face of the record on appeal reveals that the defendant was in fact wrongly adjudicated a predicate offender, that resentencing will be ordered as a matter of law. (People v Stanley, 12 AD3d 467 [2d Dept 2004]; see also People v Cassese, 58 AD3d 639 [2d Dept 2009].) But, when it cannot be determined from the existing record whether the error in tolling allegations led to an incorrect predicate adjudication, then the “illegal sentence” exception to the preservation requirement does not *316 apply, and if the claim is not preserved by appropriate objection, the appellate court is not required to review it. (People v Sullivan, 153 AD2d at 233 [“When the defendant fails to raise an objection (to errors in the tolling allegations), and when, as a result, the legality of the sentence cannot be determined by this court upon the information contained in the appellate record, review as a matter of law should be denied” (citations omitted)].)
This result is consistent with the policy of the Court of Appeals of denying mandatory review — and, hence, mandatory resentencing — of defects in predicate adjudications when the defect may not have resulted in any error in the ultimate sentence, so that a resentencing to correct the defect “would be futile and pointless.” (People v Bouyea, 64 NY2d 1140, 1142 [1985] [refusing to review claim of defect in predicate statement that did not result in incorrect adjudication, even though defect was prosecutor’s complete failure to file any predicate statement at all].) It is also consistent with that Court’s policy of denying mandatory review and resentencing to claims of defects in predicate adjudications in cases in which determining whether the defect actually resulted in an incorrect adjudication requires further record development. (People v Samms, 95 NY2d 52, 57 [2000] [“In keeping with the rule of preservation, issues of that type must be raised and explored at the trial court level, where a record is developed for appellate review”].)
In this case, the defendant did not protest the predicate statement in the trial court and thus his claim, had it been raised on direct appeal from the judgment, would be unpreserved. And because nothing in the record indicates that his ultimate sentence as a multiple-felony offender was incorrect, he would not have been entitled to have the appellate court order resentence, as a matter of law.
Likewise, in a CPL 440.20 motion premised on an illegal sentence, the omission of tolling allegations from the District Attorney’s predicate statement does not render the sentence per se illegal. CPL 440.20 exists to allow a defendant to correct an illegal sentence and allows a defendant, unlike in an appeal, to amplify the record to demonstrate that the sentence imposed was in fact illegal. Thus, a defendant is entitled in this motion to allege additional facts in support of a claim that the prior felony conviction is not within the applicable 10-year limitations period and, accordingly, that a predicate-offender sentence based upon it is illegal. As the moving party, with personal knowledge *317 of when he or she had been incarcerated, a defendant should be required to make a showing on papers that his or her sentence would in fact be illegal. The defendant in this case, however, did not.
The defendant only claims that the District Attorney’s predicate statement failed to allege that the running of the 10-year limitations period was tolled by his incarceration. He does not allege and support a claim that this omission resulted in a predicate adjudication that was actually incorrect. Specifically, he does not allege and support a claim that he was not incarcerated for long enough to bring his prior convictions within the limitations period. As a result, in accord with the law and policy of New York in not requiring a “futile and pointless” resentencing, the defendant’s application has been denied.

 The inference from the length of the prior sentences was that the defendant was incarcerated for most of the time prior to the instant conviction. In addition, during the Sandoval hearing, the prosecutor stated, without challenge, that the defendant had spent less than three years out of prison from the time of his first predicate conviction. It is not necessary in this proceeding to determine whether the length of the sentences alleged in the predicate statement, along with the prosecutor’s unchallenged statement, is sufficient to deny the instant application.