■ The People of the State of New York, Respondent, v Wesley Jean-Louis, Appellant. [902 NYS2d 705]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered May 29, 2002, upon a verdict convicting defendant of the crimes of criminal sale of a

controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), and (2) by permission, from an order of said court, entered February 5, 2009, which denied defendant's motion pursuant to CPL 440.20 to vacate the sentence, without a hearing.

In 2001, defendant was charged in separate indictments with criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. County Court consolidated the indictments, and defendant was released on bail with a *Parker* admonishment advising him of the consequences of failing to appear for trial. At 10:45 A.M. on March 25, 2002, the day of trial, defendant told counsel that he was going to get something to eat and would meet him at the courthouse before noon, the time that trial was scheduled to begin. Defendant did not appear, trial was delayed until the next day, and a bench warrant was issued for his arrest. After attempts to reach defendant failed and an investigation revealed that defendant had informed a family member that he was not going to appear in court, County Court determined that defendant waived his right to be present. Following a jury trial conducted in absentia, defendant was found guilty as charged and sentenced—again in absentia inasmuch as defendant continued to secrete himself despite multiple adjournments and a diligent search for him by the Sheriff's Department and United States Marshals Service—to 12 to 36 years in prison.

Defendant next appeared more than six years later when he was arrested in November 2008 and remanded to the custody of the sheriff to serve his sentence. Thereafter, defendant filed a motion to vacate his sentence pursuant to CPL 440.20, asserting that (1) the sentence was illegal under the subsequently enacted Rockefeller Drug Reform Act, (2) invalid because he never admitted that he knew of his trial date, and (3) harsh and excessive. County Court denied the motion without a hearing, and defendant appeals from the judgment and the denial of his CPL 440.20 motion.

Defendant's appeal from the May 29, 2002 judgment of conviction must be dismissed inasmuch as the appeal was not timely taken and there is no basis for an extension under the circumstances presented herein (*see* CPL 460.10 [1] [a]; 460.30 [1]; *People v Torres*, 179 AD2d 358 [1992]; *People v Doyne*, 178 AD2d 870, 871 [1991]; *cf. People v Thomas*, 47 NY2d 37, 43-45 [1979]; *People v McCloud*, 38 AD3d 1056, 1056 [2007], *lv dismissed* 8 NY3d 947 [2007]). To the extent that defendant argues, in connection with his CPL 440.20 motion, that he was improperly

sentenced in absentia, his argument is unsupported by the record. Defendant concedes that his sentence is otherwise legal, and his claim that his sentence was harsh and excessive may not be raised on a CPL 440.20 motion (*see People v Boyce*, 12 AD3d 728, 730 [2004], *lv denied* 4 NY3d ·741 [2004]; *People v Cunningham*, 305 AD2d 516, 517 [2003]; *see also People v Murphy*, 37 AD3d 976, 977 [2007]).

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the appeal from the judgment is dismissed. Ordered that the order is affirmed.