■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN JOGIE, Respondent. [988 NYS2d 266]—

Appeal by the People from an order of the County Court, Nassau County (Berkowitz, J.), entered January 31, 2013, which granted the defendant's motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed March 20, 2007, as modified by decision and order of this Court dated May 27, 2008, and as further modified by order of the County Court, Nassau County (Berkowitz, J.) entered October 31, 2011, upon his conviction of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, to the extent of setting aside the sentence imposed upon the defendant's conviction of robbery in the first degree and directing a reduction of that sentence from a determinate term of imprisonment of 17 years plus a period of five years of postrelease supervision to a determinate term of imprisonment of 15 years plus a period of five years of postrelease supervision.

Ordered that the order entered January 31, 2013, is reversed, on the law, the defendant's motion is denied, the resentence imposed May 10, 2013, nunc pro tunc to March 1, 2013, is vacated, and the matter is remitted to the County Court, Nassau County, for reimposition of the sentence imposed upon the defendant's conviction of robbery in the first degree, as modified by decision and order of this Court dated May 27, 2008, and as further modified by order of the County Court, Nassau County, entered October 31, 2011.

The defendant moved in the County Court pursuant to CPL 440.20 to set aside his sentence in the interest of justice and for the imposition of a more lenient sentence. The defendant contended that "it was not just or fair" that his accomplice, after a successful appeal after trial, and then the entry of a plea of guilty, ultimately received a sentence more lenient than the defendant's sentence (*see People v Surpris*, 83 AD3d 742 [2011]; *cf. People v Jogie*, 51 AD3d 1038, 1039 [2008]). By order entered January 31, 2013, the County Court granted the defendant's motion to the extent of setting aside the sentence imposed upon his conviction of robbery in the first degree and directing a reduction of the term of imprisonment imposed upon that conviction. On May 10, 2013, the court imposed a resentence upon that conviction, nunc pro tunc to March 1, 2013, which included a more lenient term of imprisonment.

CPL 440.20 (1) provides that "[a]t any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." A trial-level court has no authority under CPL 440.20 to reduce a valid sentence in the interest of justice (*see People v Jean-Louis*, 74 AD3d 1481, 1483 [2010]; *People v Boyce*, 12 AD3d 728, 730 [2004]; *People v Cunningham*, 305 AD2d 516, 517 [2003]; *see also* Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.20). Accordingly, the County Court's order granting the defendant's motion pursuant to CPL 440.20 to the extent of setting aside the sentence imposed upon his conviction of robbery in the first degree, as subsequently modified, and directing a reduction of that sentence must be reversed (*see People v Boyce*, 12 AD3d at 728). Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.