People v Gaston (2020 NY Slip Op 02968)





People v Gaston


2020 NY Slip Op 02968


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11537 3680/10

[*1] The People of the State of New York, Respondent,
v
Henry Gaston, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexander L. Mitter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment of resentence, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 18, 2018, resentencing defendant to concurrent terms of one to three years on his convictions of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, unanimously affirmed.
Defendant does not challenge his resentencing on the grand larceny and possession of stolen property counts, which corrected an undisputed illegality in the original sentences, but instead asserts that the resentencing court improperly denied his CPL 440.20 motion insofar as he had sought a plenary resentencing, which would include his convictions of rape and other violent felonies under four other counts.
Defendant claims that the original sentencing court (Bruce Allen, J.), which imposed sentences on the larceny and stolen property counts that would only have been lawful for a second felony offender, must have believed that defendant actually was such an offender, and that this mistaken belief affected the court's exercise of discretion when it imposed sentence on the other four counts. The record refutes this claim. The prosecutor and defense counsel agreed that defendant was not a predicate felon, the statement required to impose such a sentence was not filed, and the required proceeding was not held. Although the court was mistaken about the scope of sentencing for the larceny and stolen property counts, it was not mistaken about defendant's status.
Accordingly, there was nothing unlawful about defendant's sentences on the four violent felony convictions. Defendant's resentencing was solely for the purpose of correcting the illegal sentences imposed on the other two convictions, and was not a plenary resentencing requiring the exercise of sentencing discretion. Therefore, we may not reduce his sentences on the four counts at issue in the interest of justice (see People v Lingle, 16 NY3d 621, 634-635 [2011]). As we held on defendant's direct appeal (People v Gaston, 146 AD3d 412 [1st Dept 2017], lv denied 29 [*2]NY3d 948 [2017]), we perceive no basis for reducing the sentence.
We have considered the remaining contentions raised in defendant's pro se brief and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK