People v Parker (2021 NY Slip Op 04500)





People v Parker


2021 NY Slip Op 04500


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-01580
2017-01581
2017-01582
2017-05183
(Ind. Nos. 15-00395, 15-00449, 15-00451,
15-00455)

[*1]The People of the State of New York, respondent,
v
Aaron Parker, appellant.


Del Atwell, East Hampton. NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek and Amanda Doty of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from four judgments of the County Court, Rockland County (David S. Zuckerman, J.), all rendered January 17, 2017, convicting him of (1) criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, under Indictment No. 15-00395; (2) criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and conspiracy in the fourth degree (two counts), upon his plea of guilty, under Indictment No. 15-00449; (3) criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and conspiracy in the second degree (two counts), upon his plea of guilty, under Indictment No. 15-00451; and (4) operating as a major trafficker, upon his plea of guilty, under Indictment No. 15-00455, and imposing sentences. The appeal from the judgment rendered under Indictment No. 15-00395 brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence. Justice Miller has been substituted for former Justice Leventhal (see 22 NYCRR 1250.1[b]).
ORDERED that the judgment rendered under Indictment No. 15-00395 is reversed, on the law and the facts, that branch of the defendant's omnibus motion under Indictment No. 15-00395 which was to suppress physical evidence is granted, that indictment is dismissed insofar as asserted against the defendant, and that matter is remitted to the County Court, Rockland County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,
ORDERED that the judgments rendered under Indictment Nos. 15-00449, 15-00451, and 15-00455 are affirmed.
For the reasons stated in People v Mortel (_____ AD3d_____ [decided herewith]), we conclude that the County Court should have granted that branch of the defendant's omnibus motion under Indictment No. 15-00395 which was to suppress physical evidence. In light of this conclusion, and under the circumstances of this case, the judgment rendered under Indictment No. [*2]15-00395 must be reversed, that indictment dismissed insofar as asserted against the defendant, and that matter remitted to the County Court, Rockland County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. We need not, and do not, reach the defendant's remaining contentions to the extent that they are addressed to that judgment.
The defendant does not contend that the remaining three judgments appealed from, which were each rendered upon the defendant's pleas of guilty, were in any way affected by the County Court's determination of that branch of the defendant's omnibus motion under Indictment No. 15-00395 which was to suppress physical evidence. Rather, the defendant raises other arguments that are addressed to those judgments. They are without merit.
Contrary to the defendant's contention, the People established good cause and the lack of any prejudice to the defendant, entitling them to an extension of time to comply with the notice requirement contained in CPL 700.70 (see People v Romero, 120 AD3d 947, 949; see also People v Liberatore, 79 NY2d 208, 212-213; cf. People v Cardella, 161 AD2d 780, 781-782).
Furthermore, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's [alleged shortcomings]" (People v Rivera, 71 NY2d 705, 709). Here, on this record, the defendant failed to demonstrate that he was deprived of the effective assistance of counsel with respect to his pleas of guilty (see People v Johnson, 71 AD3d 1048, 1049; People v Hughes, 62 AD3d 1026, 1026-1027).
MILLER, J.P., BARROS and WOOTEN, JJ., concur.
CONNOLLY, J., concurs in part and dissents in part, and votes to affirm the judgments, with the following memorandum, in which IANNACCI, J., concurs:
For the reasons set forth in my dissenting memorandum in People v Mortel (_____ AD3d _____ [Connolly, J., dissenting; decided herewith]), I would affirm the denial of that branch of the defendant's omnibus motion under Indictment No. 15-00395 which was to suppress the cocaine recovered during an inventory search, after a vehicle he was operating was impounded for having a suspended registration due to an insurance lapse. The defendant's remaining contentions pertaining to the judgment rendered under Indictment No. 15-00395 are without merit for the reasons articulated in my dissenting memorandum in People v Mortel (_____ AD3d _____ [Connolly, J., dissenting; decided herewith]). I agree with my colleagues in the majority that there is no basis to disturb the defendant's convictions under Indictment Nos. 15-00449, 15-00451, or 15-00455.
ENTER:
Aprilanne Agostino
Clerk of the Court