People v Chambers (2021 NY Slip Op 07267)





People v Chambers


2021 NY Slip Op 07267


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-00931
 (Ind. No. 5909/12)

[*1]The People of the State of New York, appellant-respondent,
v
Jashid Chambers, respondent-appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Solomon Neubort of counsel), for appellant-respondent.
Patricia Pazner, New York, NY (Sam Feldman of counsel), for respondent-appellant.



DECISION & ORDER
Appeal by the People, and cross appeal by the defendant, from a resentence of the Supreme Court, Kings County (Joseph E. Gubbay, J.), imposed December 19, 2019, upon the granting of that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside a sentence of the same court imposed June 23, 2014, upon his conviction of attempted murder in the second degree, upon his plea of guilty, as modified by an order of the same court dated November 25, 2014.
ORDERED that the resentence is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside the sentence imposed June 23, 2014, as modified by the order dated November 25, 2014, is denied, and the sentence imposed June 23, 2014, as modified by the order dated November 25, 2014, is reinstated; and it is further,
ORDERED that the cross appeal is dismissed as academic in light of our determination on the appeal.
In 2014, the defendant was convicted of attempted murder in the second degree and assault in the second degree, upon his plea of guilty. The defendant was sentenced to a determinate term of imprisonment of 18 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of attempted murder in the second degree, and a determinate term of imprisonment of 7 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of assault in the second degree, with those terms to run concurrently with each other.
Subsequently, on November 25, 2014, the Supreme Court modified the period of postrelease supervision imposed on the conviction of assault in the second degree by reducing it from a period of 5 years to a period of 3 years.
The defendant moved, inter alia, pursuant to CPL 440.20 to set aside the sentence. The Supreme Court granted that branch of the motion, and resentenced the defendant to a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of attempted murder in the second degree, and otherwise left the sentence undisturbed.
To the extent that the Supreme Court set aside the sentence as excessive, such determination was in error, as a "claim that [a] sentence is excessive may not be raised on a CPL 440.20 motion" (People v Chacko, 119 AD3d 955, 956; see People v Jean-Louis, 74 AD3d 1481, 1483; People v Boyce, 12 AD3d 728, 730).
Contrary to his contentions, the defendant did not show that the sentence should be set aside as illegal or unauthorized (see CPL 440.20). The sentence did not violate the prohibition against cruel and unusual punishment, as there existed no exceptional circumstances warranting modification of the terms of imprisonment, which were within the statutory limits (see People v Robinson, 163 AD3d 1002; People v Browne, 144 AD3d 834, 836; People v Khan, 89 AD3d 750, 751-752). The defendant did not show that the sentence should be set aside based on ineffective assistance of counsel (see People v Parker, 196 AD3d 651; People v Johnson, 71 AD3d 1048, 1049).
Further, the defendant did not preserve for appellate review his contention that defects in a prior 2014 proceeding to correct the period of postrelease supervision imposed on the conviction of assault in the second degree warranted setting aside the sentences imposed on both the conviction of attempted murder in the second degree and the conviction of assault in the second degree (see CPL 470.05[2]). In any event, that contention is without merit. The record shows that the Supreme Court did not set aside the sentence for the conviction of assault in the second degree, and even had it done so, such action would not have entitled the defendant to resentencing on the conviction of attempted murder in the second degree (see People v Lingle, 16 NY3d 621, 634; People v Gaston, 183 AD3d 488; People v Layne, 177 AD3d 477; People v Munford, 174 AD3d 412, 413).
In light of our determination, the defendant's cross appeal, challenging the resentence as excessive, has been rendered academic.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.

2020-00931 DECISION & ORDER ON MOTION
The People, etc., appellant-respondent,
v Jashid Chambers, respondent-appellant.
(Ind. No. 5909/12)

Motion by the respondent-appellant, inter alia, to strike stated portions of the appellant-respondent's reply brief on an appeal and cross appeal from a resentence of the Supreme Court, Kings County, imposed December 19, 2019, on the ground that they improperly raise issues for the first time in reply. By decision and order on motion of this Court dated May 19, 2021, that branch of the motion which is to strike stated portions of the appellant-respondent's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant-respondent's reply brief is denied.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.

2020-00931 DECISION & ORDER ON MOTION
The People, etc., appellant-respondent,
v Jashid Chambers, respondent-appellant.
(Ind. No. 5909/12)

Motion by the appellant-respondent to strike stated portions of the respondent-appellant's reply brief, on an appeal and cross appeal from a resentence of the Supreme Court, Kings County, imposed December 19, 2019. By decision and order on motion of this Court dated July 19, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the motion is denied.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court