■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE LISLE-CANNON, Appellant. [820 NYS2d 280]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Ambrosio, J.), dated August 6, 2004, which denied his motion pursuant to CPL 440.20 (1),

inter alia, to be relieved of his duty to register as a sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed.

The defendant entered a plea of guilty to the charge of attempted kidnapping in the second degree, and waived his right to appeal. Although the defendant's criminal conduct was financially motivated and was entirely devoid of any sexual component, he was, by operation of the Sex Offender Registration Act (hereinafter SORA), certified as a sex offender (*see* Correction Law § 168-a [1], [2] [a] [i]; § 168-d [1] [a]). The Supreme Court assigned the defendant to Risk Level 1, and the defendant did not appeal from that determination.

The defendant subsequently moved in the Supreme Court, pursuant to CPL 440.20 (1), among other things, to be relieved of his duty to register annually under SORA, on the ground that the statute requiring his certification as a sex offender was unconstitutional as applied to him. The Supreme Court denied the motion.

The Supreme Court properly concluded that the defendant's request for relief was not properly before it. While a defendant's certification as a sex offender under SORA is part of the judgment of conviction (*see* Correction Law § 168-d [1] [a]; *People v Hernandez,* 93 NY2d 261 [1999]), it is not part of the sentence (*see People v Mitchell,* 300 AD2d 377, 378 [2002] [SORA "is not intended to effect punishment"]; *cf. People v Nieves,* 2 NY3d 310 [2004]). Thus, the relief sought by the defendant was not available to him under CPL 440.20 (1), which only authorizes a motion to set aside a sentence.

We note that nothing in this decision prevents the defendant from seeking relief under CPL 440.10. We express no view as to the merits of any such motion, or as to the effect, if any, of the defendant's waiver of his right to appeal upon the availability of relief under CPL 440.10. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.