■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [40 NYS3d 155]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Dowling, J.), entered December 16, 2013, which denied, without a hearing, his motion pursuant to CPL 440.20 (1) to set aside a sentence of the same court, imposed October 20, 2009, upon his conviction of criminal possession of a weapon in the second degree, upon a jury verdict.

Ordered that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.20 to set aside his sentence is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the second degree. Several weeks before sentence was imposed, the prosecutor submitted to the Supreme Court a sentencing letter in which he summarized, among other things, the defendant's criminal history, including convictions of violent felony offenses in 1986 and 1995. The prosecutor asserted that the defendant was a "mandatory persistent violent felony offender," that the minimum permissible term was 16 years to life imprisonment, and the maximum was 25 years to life imprisonment. He urged the court to impose a sentence of 20 years to life imprisonment. A week before sentence was imposed, defense counsel responded to the prosecutor's letter. Counsel acknowledged that the minimum permissible term was 16 years to life, and he urged the court to exercise leniency. The People never submitted a formal statement pursuant to CPL 400.16. At sentencing, the court did not ask the defendant whether he had seen the prosecutor's letter, and it did not give the defendant an opportunity to controvert any allegations about his prior violent felony convictions. Indeed, the court said nothing about the defendant's status as a persistent violent felony offender until it actually imposed sentence. The defendant appealed his judgment of conviction to this Court, but he did not raise any claim related to his sentence (*see People v Rivera*, 98 AD3d 529 [2012]).

In 2013, the defendant moved to set aside his sentence under CPL 440.20 (1). He asserted that the procedure by which he

was sentenced as a persistent violent felony offender violated CPL 400.15 and 400.16, and he contended that he was not, in fact, a persistent violent felony offender. Put otherwise, he contended that his sentencing as a persistent violent felony offender was illegal as a matter of law. He also contended that he had received ineffective assistance of counsel at his sentencing. The Supreme Court denied the defendant's motion without a hearing. It faulted the defendant for not objecting to the procedure when he was sentenced and for not raising his sentencing claims on his direct appeal. The court, however, also acknowledged that the procedure by which the defendant was sentenced as a persistent violent felony offender was not in compliance with CPL 400.15 and 400.16. Nevertheless, it held that there was overwhelming evidence that the defendant was, in fact, a persistent violent felony offender. A Justice of this Court granted the defendant leave to appeal.

On appeal, the defendant raises the same claims he raised in the Supreme Court. Contrary to the People's contention, the defendant preserved his claims for appellate review by raising them in his CPL 440.20 motion. He was not required to raise these claims at his sentencing (*see People v Brown*, 28 NY3d 982, 983 [2016]; *People v Jurgins*, 26 NY3d 607, 611-612 [2015]; *cf. People v Proctor*, 79 NY2d 992, 994 [1992]).

CPL 400.15 and 400.16 "govern the procedure that must be followed in any case where it appears that a defendant who stands convicted of a violent felony offense . . . has previously been subjected to two or more predicate violent felony convictions . . . and may be a persistent violent felony offender" (CPL 400.16 [1]). Here, neither the People nor the Supreme Court complied with that mandatory procedure. Therefore, the sentence was "illegally imposed" (CPL 440.20 [1]), regardless of whether the defendant is, in fact, a persistent violent felony offender (*see* Penal Law § 70.08 [1]), and the Supreme Court should have granted the motion to set aside the sentence (*see* CPL 440.30 [3]). Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing in compliance with CPL 400.15 and 400.16. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.