People v Lockwood (2020 NY Slip Op 03248)





People v Lockwood


2020 NY Slip Op 03248


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-11895
 (Ind. No. 1134/15)

[*1]The People of the State of New York, respondent,
v
Shaquon Lockwood, appellant.


Jan Murphy, Huntington, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered November 16, 2016, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). Where a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record (see People v StVal, 173 AD3d 1225; People v Mead, 159 AD3d 1040, 1041). Here, even though, as the People concede, the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination. Accordingly, we must vacate the sentence imposed and remit the matter to the Supreme Court, Nassau County, to determine whether the defendant should be adjudicated a youthful offender, and for resentencing thereafter (see People v Foster, 162 AD3d 790, 790-791).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court