People v Baldwin (2020 NY Slip Op 04401)





People v Baldwin


2020 NY Slip Op 04401


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-05316
 (Ind. No. 500/17)

[*1]The People of the State of New York, respondent,
v
Najay Baldwin, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Rosenblum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered March 22, 2018, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain (see People v Rudolph, 21 NY3d 497, 501). Here, as the People concede, the defendant was eligible for youthful offender treatment (see CPL 720.10[2][a]-[c]) with regard to his plea of guilty to attempted murder in the second degree, and the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded such treatment with respect to that charge. Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Rodriguez, 172 AD3d 1240, 1241; People v Alleyne, 169 AD3d 710, 711). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of our determination, the defendant's remaining contentions have been rendered academic.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court