People v Rivera (2020 NY Slip Op 05233)





People v Rivera


2020 NY Slip Op 05233


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-09095
 (Ind. No. 8678/07)

[*1]The People of the State of New York, respondent,
v
Hector Rivera, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Deborah Dowling, J.), imposed June 16, 2017, upon his conviction of criminal possession of a weapon in the second degree, upon a jury verdict, after remittitur from this Court for resentencing (see People v Rivera, 143 AD3d 1002), the resentence being an indeterminate term of imprisonment of 18 years to life.
ORDERED that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the indeterminate term of imprisonment from 18 years to life to 16 years to life; as so modified, the resentence is affirmed.
The defendant was convicted at a jury trial of criminal possession of a weapon in the second degree. Although prior to sentencing the prosecutor asserted that the defendant was a persistent violent felony offender, the People never submitted a formal statement pursuant to CPL 400.16. At sentencing, the Supreme Court said nothing about the defendant's status as a persistent violent felony offender until it actually sentenced the defendant as a persistent violent felony offender. The defendant moved to set aside his sentence under CPL 440.20(1) on the ground, inter alia, that the procedure by which he was sentenced as a persistent violent felony offender violated CPL 400.15 and 400.16. The Supreme Court denied the defendant's motion without a hearing. On appeal, this Court reversed the order, granted the defendant's motion to vacate his sentence, and remitted the matter to the Supreme Court, Kings County, for a determination of the defendant's status as a persistent violent felony offender and for resentencing thereafter (see People v Rivera, 143 AD3d 1002).
Upon remittitur, the People served and filed a statement pursuant to CPL 400.16. The defendant moved, inter alia, to controvert the allegation with respect to his prior conviction of attempted robbery in the second degree on the ground that it was unconstitutionally obtained. The Supreme Court denied the defendant's motion, and resentenced the defendant as a persistent violent felony offender to an indeterminate term of imprisonment of 18 years to life, nunc pro tunc. The defendant appeals.
Upon remittitur, the defendant was properly resentenced as a persistent violent felony [*2]offender. The defendant failed to sustain his burden of demonstrating that his previous plea of guilty to attempted robbery in the second degree was unconstitutionally obtained (see CPL 400.15[7][b]; 400.16[2]; People v Konstantinides, 14 NY3d 1, 15; People v Harris, 61 NY2d 9, 15; People v Cintron, 138 AD3d 755, 756). The minutes from the prior plea proceeding failed to establish that his plea of guilty to attempted robbery in the second degree was not knowingly, voluntarily, and intelligently entered (see People v Cintron, 138 AD3d at 756; People v Manohar, 40 AD3d 1123, 1124-1125), or that he was deprived of the effective assistance of counsel (see People v Henderson, 27 NY3d 509, 513; People v McDonald, 1 NY3d 109, 114; People v Colon, 90 NY2d 824, 825-826; People v Sanchez, 124 AD3d 685, 689).
The resentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court