People v Kirby (2021 NY Slip Op 04374)





People v Kirby


2021 NY Slip Op 04374


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-14366
 (Ind. No. 5282/02)

[*1]The People of the State of New York, respondent,
v
Andre Kirby, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Denise Pavlides, and Craig Marinaro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Vincent Del Giudice, J.), dated September 4, 2018, which denied, without a hearing, his motion pursuant to CPL 440.20(1) to set aside a sentence of the same court (Robert J. Collini, J.) imposed December 18, 2003, upon his convictions of robbery in the first degree (five counts) and robbery in the third degree, upon a jury verdict.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.20(1) to set aside his sentence is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith, before a different Justice.
The defendant was convicted, upon a jury verdict, of robbery in the first degree (five counts) and robbery in the third degree. At sentencing on December 18, 2003, the Supreme Court said nothing about the defendant's status as a mandatory persistent violent felony offender before imposing consecutive terms of imprisonment of 20 years to life for each of the convictions of robbery in the first degree and 3½ to 7 years for the conviction of robbery in the third degree. On January 8, 2004, the court held what was essentially a post-sentence persistent violent felony offender hearing pursuant to CPL 400.16 and found that the defendant was a persistent violent felony offender, based upon the defendant's two prior convictions of attempted robbery in the first degree (see Penal Law § 70.08[1]). The court noted that at the prior sentencing proceeding, the defendant "was sentenced to a period of 20 years to life" on each of the five counts of robbery in the first degree of which he was convicted, and "was sentenced to three and a half to seven" for the conviction of robbery in the third degree, with "all those sentences to run consecutively." The court further stated that "pursuant to the hearing that was just held . . . the sentence was . . . reiterated in accordance with the prior sentence." However, the defendant was not resentenced.
In 2018, the defendant moved, pro se, to set aside his sentence pursuant to CPL 440.20(1), claiming that the procedure followed was illegal. The Supreme Court denied the defendant's motion without a hearing. A Justice of this Court granted the defendant leave to appeal.
CPL 400.16 and 400.15 "govern the procedure that must be followed in any case where it appears that a defendant who stands convicted of a violent felony offense . . . has previously [*2]been subjected to two or more predicate violent felony convictions . . . and may be a persistent violent felony offender" (CPL 400.16[1]). Here, the Supreme Court did not follow that procedure before imposing sentence. Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing in compliance with CPL 400.16 and 400.15. Under the particular circumstances of this case, we deem it appropriate to remit the matter to a Justice different from the Justice who decided the defendant's motion, for the purposes of resentencing.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court