People v Vanderhorst (2021 NY Slip Op 05141)





People v Vanderhorst


2021 NY Slip Op 05141


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

111806

[*1]The People of the State of New York, Appellant,
v
Jah-Lah Vanderhorst, Respondent.

Calendar Date:September 8, 2021

Before: Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for appellant.



Aarons, J.
Appeal from an order of the Supreme Court (P. Lynch, J.), entered June 24, 2019 in Albany County, which, on defendant's motion pursuant to CPL article 440, set aside the sentence following his conviction of manslaughter in the first degree and ordered resentencing, after a hearing.
Following a jury trial in 2012, defendant was acquitted of murder in the second degree but convicted of manslaughter in the first degree as a result of the stabbing death of the victim. Supreme Court (Lamont, J.) sentenced defendant to a 25-year prison term to be followed by five years of postrelease supervision, the maximum permitted sentence, and the conviction and sentence were upheld on appeal (117 AD3d 1197 [2014], lv denied 24 NY3d 1089 [2014]). On direct appeal, defendant, who was 16 years old at the time of the crime, did not argue that his sentence should be vacated because the court failed to determine whether he was a youthful offender under CPL 720.20 or that remittal was required for such purpose. In 2018, defendant moved to vacate the judgment of conviction under CPL 440.10 (1) (h), arguing, among other things, that trial counsel had rendered ineffective assistance by failing to advocate for youthful offender treatment or to call the sentencing court's attention to its failure to consider that status. Supreme Court (Breslin, J.) denied the motion, without a hearing, finding that the arguments could have been raised on defendant's direct appeal. Defendant's request for permission to appeal from that order was denied.
In 2019, defendant, pro se, made another motion under CPL 440.10 (1) (h) raising a double jeopardy claim. Defendant was thereafter assigned counsel who, at oral argument, expanded the motion to include an argument that Supreme Court (Lamont, J.) never addressed defendant's eligibility for youthful offender treatment prior to sentencing. The People orally responded that a motion pursuant to CPL article 440 was inappropriate for this new issue because it should have been raised on defendant's direct appeal, and that an application for a writ of error coram nobis was the only available remedy. The People also submitted a letter in opposition to defendant's motion. In a June 2019 order, Supreme Court (P. Lynch, J.) granted the motion, finding, as relevant here, that "the validity of the sentence [was] reviewable under CPL 440.20." The court further found that no court, including this Court, fulfilled its affirmative obligation to determine whether defendant should have been treated as a youthful offender. The court set aside defendant's sentence and ordered that defendant be resentenced.[FN1] The People appeal.
Dispensing first with the parties' procedural claims, defendant's argument that the appeal should be dismissed because the People failed to comply with CPL 460.10 (1) (c) is without merit. Also without merit is defendant's argument that the appeal is moot due to the People's participation in the resentencing proceeding without [*2]any objection. The record discloses that the People, at oral argument, specifically objected to the expansion of defendant's motion, later opposed the merits of it in writing and preserved their right to a review of the June 2019 order by timely appealing that order to this Court (see CPL 450.20 [6]). Contrary to defendant's assertion, the People were not obligated to move for a stay of the resentencing nor were the People required to take an appeal from the resentencing in order to pursue this appeal given that there is no statutory authority for an appeal from such resentencing (see generally CPL 450.20; compare CPL 450.30 [2], [3]).
Meanwhile, the People assert that the June 2019 order should be reversed because, at oral argument of defendant's 2019 CPL article 440 motion before Supreme Court, they were "blindsided" with the new argument that the failure of the sentencing court to make any determination as to whether defendant should be given youthful offender status required setting aside the sentence. The People thus maintain that such issue should have been raised in a written motion as required by CPL 440.30 (1) (a). Although this issue was raised for the first time at oral argument on the motion, the People, as mentioned, responded to it both orally and in writing. At no point did the People argue before Supreme Court that the motion should be denied due to any noncompliance with CPL 440.30. The People's argument is therefore improperly raised for the first time on appeal (see People v Hutchins, 136 AD3d 1148, 1150 n 1 [2016]).
Turning to the merits, under the controlling interpretation of CPL 720.20 (1) at the time of defendant's 2012 sentencing, Supreme Court (Lamont, J.) was not required to consider youthful offender treatment unless defendant requested it, and the failure to request it waived the right to have it considered (see People v McGowen, 42 NY2d 905, 906 [1977]). Prior to when defendant perfected his appeal from the judgment of conviction, however, the Court of Appeals overruled its interpretation of CPL 720.20 (1) in People v McGowen (supra). The Court of Appeals held that, where a defendant is eligible to be treated as a youthful offender (see CPL 720.10 [2]),[FN2] the command in CPL 720.20 (1) — that the sentencing court "must determine whether or not the eligible youth is a youthful offender" — cannot be dispensed with, even where a defendant failed to request youthful offender treatment or agreed to waive such status as part of a plea agreement (People v Rudolph, 21 NY3d 497, 501 [2013]). Under the revised interpretation, the sentencing court is required to make a youthful offender determination in every case where a defendant is eligible, a holding that the Court of Appeals expressly provided would be "limited to cases still on direct [appellate] review" (id. at 502).
It is undisputed that, prior to the June 2019 order, no court at the trial or appellate level had considered whether defendant should have been [*3]treated as a youthful offender under CPL 720.20. The People nonetheless argue that there was nothing substantively illegal about the imposed sentence and, accordingly, CPL 440.20 was inapplicable. Defendant counters that the failure to consider whether he was entitled to youthful offender treatment rendered his sentence illegal and, therefore, relief was permissible under CPL 440.20. We agree with the People.
"Where a sentence imposed in a criminal case is challenged as substantively illegal, the court's power to correct it is derived from the Criminal Procedure Law and is purely statutory" (People v Riggins, 164 AD2d 797, 797 [1990]). Indeed, as a general rule, "when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (CPL 430.10; see People v Williams, 14 NY3d 198, 212 [2010], cert denied 562 US 947 [2010]). CPL 430.10, however, does permit such sentence to be changed when "otherwise authorized by law," which in this case is CPL 440.20.
Upon a defendant's motion, a court may "set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). The 2012 sentence imposed on defendant upon his conviction of manslaughter in the first degree was neither unlawful nor unauthorized or invalid (see People v Hall, 188 AD3d 1416, 1417-1418 [2020], lv denied 36 NY3d 1051 [2021]; cf. People v Jurgins, 26 NY3d 607, 615 [2015]). Indeed, on direct appeal, in rejecting defendant's argument that the imposition of the maximum permissible prison sentence was harsh and excessive or amounted to cruel and unusual punishment, this Court upheld the lawful prison sentence (117 AD3d at 1201-1202).
Moreover, "a youthful offender finding substitutes for the [criminal] conviction of an eligible youth, pursuant to a determination that the eligible youth is a youthful offender
. . ., and a youthful offender sentence is the sentence imposed upon a youthful offender finding" (People v Calderon, 79 NY2d 61, 65 [1992] [internal quotation marks, brackets and citations omitted]). In other words, "the youthful offender finding is substituted for, and becomes, in essence, the conviction of the eligible youth" (id. at 67). That said, this appeal does not concern the legality of the sentence imposed after a determination had been made whether a defendant should or should not be accorded youthful offender status or, indeed, the legality of any aspect of defendant's 2012 sentence. Rather, the appeal centers on the failure to determine, in 2012, whether defendant should have been given youthful offender status — a finding that ultimately goes to the judgment of conviction. Accordingly, as the People note, CPL 440.20 — a statute that empowers a court to set aside an unauthorized, illegal or invalid sentence — does not authorize the relief granted by [*4]Supreme Court (P. Lynch, J.) (cf. People v Lisle-Cannon, 31 AD3d 467, 468 [2006]).
Furthermore, in limiting the application of the new interpretation of CPL 720.20 (1) to "cases still on direct review," the Court of Appeals expressly indicated that it was not available to permit "collateral attacks on sentences that have already become final" (People v Rudolph, 21 NY3d at 502). Thus, as a result of the Rudolph decision, convicted defendants gained the right to argue on direct appeal their entitlement to a resentencing at which the court will make a youthful offender determination.[FN3] The Rudolph decision, however, did not authorize that relief in a collateral proceeding pursuant to CPL 440.20. In foreclosing retroactive application of the new rule announced in Rudolph to collateral proceedings, the Court of Appeals necessarily rejected the view that sentences imposed under its prior precedent were illegal, unauthorized or invalid. As mentioned, Supreme Court (Lamont, J.), at the time defendant was sentenced, did not run afoul of the then-prevailing statutory procedural requirements for sentencing under CPL article 720. The new interpretation of those requirements made by the Court of Appeals in People v Rudolph (supra) after defendant had been sentenced did not make his sentence illegal, invalid or unauthorized. Because no infirmity exists with respect to the 2012 sentence, CPL 440.20 does not provide a basis to set it aside (see People v Boyce, 12 AD3d 728, 730 [2004], lv denied 4 NY3d 741 [2004]).[FN4]
Finally, to the extent that Supreme Court (P. Lynch, J.) relied upon CPL 440.10 (3) in granting the motion, this was incorrect. CPL 440.10 (3) (c), which provides grounds for the discretionary denial of a motion to vacate a judgment of conviction but carves out an exception where the interest of justice and good cause shown warrant granting the motion, does not authorize setting aside a sentence in the context of a CPL 440.10 motion. That is, the interest of justice provision in CPL 440.10 (3) does not override the procedural bars set forth in CPL 440.10 (2).[FN5]
In sum, defendant was free to raise the issue in his direct appeal that Supreme Court (Lamont, J.) failed to consider whether he was entitled to youthful offender treatment. He did not do so, and we will not speculate as to the reasons for that decision. As Supreme Court (Breslin, J.) concluded, seeking this relief in a subsequent motion under CPL 440.10 was barred (see CPL 440.10 [2] [c]). As discussed, CPL 440.20 does not provide an avenue to set aside defendant's 2012 sentence. The Legislature may choose to amend CPL article 440 to permit the relief granted by Supreme Court (P. Lynch, J.). Until then, however, the June 2019 order must be reversed for the reasons stated herein.[FN6]
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, motion denied, sentence imposed on August 8, 2012 reinstated and matter remitted [*5]to the Supreme Court for reinstatement of that sentence.



Footnotes

Footnote 1: Following a de novo sentencing hearing and receipt of an updated presentence investigation report, Supreme Court resentenced defendant in July 2019. Of note, the court denied youthful offender treatment but imposed a lesser prison sentence of 12½ years to be followed by five years of postrelease supervision. Defendant represents that no appeal was pursued from the resentencing and, therefore, the resentence is not before us.

Footnote 2: Whether defendant was an "eligible youth" (CPL 720.10 [2]) is not at issue here.

Footnote 3: As mentioned, there is no indication that defense counsel advanced this argument in defendant's direct appeal from the judgment of conviction. Although People v Rudolph (21 NY3d at 502) held that the new interpretation of CPL 720.20 (1) applied to cases on direct review, it did not hold that such issue must be addressed sua sponte by appellate courts.

Footnote 4: Defendant's reliance on the interest of justice provision of CPL 440.20 (3) is unavailing (see People v Jogie, 118 AD3d 1025, 1026 [2014], lv denied 23 NY3d 1063 [2014]).

Footnote 5: The attempt by Supreme Court to distinguish the mandatory language in CPL 440.10 (2) (a) is puzzling. The Rudolph issue was not raised or decided upon direct appeal, so this section is inapplicable and, moreover, the change in the law occurred prior to that appeal not after it (see CPL 440.10 [3] [b]).

Footnote 6: Although a motion pursuant to CPL article 440 is not the proper remedy here, defendant may pursue an application for a writ of error coram nobis. We express no opinion on the viability of such application.