People v Downing (2021 NY Slip Op 06698)





People v Downing


2021 NY Slip Op 06698


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2011-11391
 (Ind. No. 7671/10)

[*1]The People of the State of New York, respondent,
v
Sequan Downing, also known as Naquan Downing, appellant.


Janet E. Sabel, New York, NY (Ying-Ying Ma of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Arieh Schulman of counsel), for respondent.
Patricia Pazner, New York, NY (David P. Greenberg of counsel), former appellate counsel.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 13, 2014 (People v Downing, 114 AD3d 805), affirming a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered November 17, 2011. Justice Angela G. Iannacci has been substituted for former Justice Jeffrey A. Cohen (see 22 NYCRR 1250.1[b]).
ORDERED that the application is granted, and the decision and order of this Court dated February 13, 2014, is vacated; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of attempted rape in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted rape in the first degree beyond a reasonable doubt (see People v Clyde, 18 NY3d 145; People v Pereau, 64 NY2d 1055; People v Jackson, 11 AD3d 369; People v Urbina, 248 AD2d 123). Moreover, upon our independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Under the circumstances presented here, we grant the defendant's application for a writ of error coram nobis, based on former appellate counsel's failure to contend on appeal that the Supreme Court failed to determine whether the defendant should be afforded youthful offender status. As held by the Court of Appeals in People v Rudolph (21 NY3d 497, 501), CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is [*2]eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain." Here, the record does not demonstrate that the court considered whether to adjudicate the defendant a youthful offender, even though the defendant was eligible (see People v Johnson, 193 AD3d 1076; People v St. Hill, 193 AD3d 987; People v Battle, 187 AD3d 1203). We acknowledge that the Court of Appeals decided Rudolph shortly after former appellate counsel filed the brief on the appeal. However, under the circumstances of this case, after Rudolph was decided, the standard of meaningful representation required former appellate counsel to seek to amend the brief or file a supplemental brief in order to argue that, pursuant to Rudolph, the sentence must be vacated and the matter remitted for determination of the defendant's youthful offender status (see People v Feliciano, 17 NY3d 14). Accordingly, we vacate the defendant's sentence and remit the matter to the Supreme Court, Kings County, for resentencing after making a determination as to whether the defendant should be sentenced as a youthful offender. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
The defendant's remaining contentions are without merit.
MASTRO, J.P., HINDS-RADIX, MILLER and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court