People v Carranza (2023 NY Slip Op 02535)

People v Carranza

2023 NY Slip Op 02535

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02604
 (Ind. No. 1366/19)

[*1]The People of the State of New York, respondent,
v
Jonathan Gutierrez Carranza, appellant.

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Tammy J. Smiley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered March 10, 2021, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Pray, 183 AD3d 842, 842; People v Coleman, 138 AD3d 1014, 1015; People v Catts, 26 AD3d 341, 341), and the narrow exception to the preservation rule is inapplicable in this case (see People v Patel, 74 AD3d 1098, 1099). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
"Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Baldwin, 186 AD3d 498, 498; see People v Rudolph, 21 NY3d 497, 501). "Where a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record" (People v Lockwood, 184 AD3d 670, 670). Here, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination. Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Nassau County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Belford, 210 AD3d 793; People v Downing, 200 AD3d 704; People v Slide, 197 AD3d 1184; People v Baldwin, 186 AD3d 498; People v Lockwood, 184 AD3d 670; People v Lessane, 169 AD3d 827). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
Further, upon determination of the defendant's youthful offender status and resentencing, the Supreme Court must reconsider the imposition of mandatory surcharges and fees [*2](see People v Dyshawn B., 196 AD3d 638, 641).
The defendant's remaining contention is without merit.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court