People v Steele (2025 NY Slip Op 04494)

People v Steele

2025 NY Slip Op 04494

Decided on July 30, 2025

Appellate Division, Second Department

Wan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-11970
 (Ind. No. 2670/17)

[*1]The People of the State of New York, respondent,
v
Jaleel Steele, appellant.

APPEAL by the defendant, by permission, from an order of the Supreme Court (Bruna L. DiBiase, J.), dated November 8, 2023, and entered in Queens County, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence of the same court (Lenora Gerald, J.) imposed April 12, 2018, upon his conviction of robbery in the first degree, upon his plea of guilty.

Eric Nelson, Staten Island, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Ronald Eniclerico of counsel), for respondent.

WAN, J.

OPINION & ORDER
In this appeal, we must consider whether a defendant who has failed to take a direct appeal from a judgment of conviction and sentence may, in the first instance, seek to set aside his or her sentence pursuant to CPL 440.20 on the ground that the Supreme Court failed to make a determination as to whether the defendant was eligible for youthful offender treatment. We hold that, under such circumstances, a defendant may seek to set aside his or her sentence pursuant to CPL 440.20.
Factual & Procedural Background
By indictment filed on December 14, 2017, the defendant and his codefendant Shyquan Kimble were charged with robbery in the first degree, robbery in the second degree, assault in the first degree, assault in the second degree, and grand larceny in the fourth degree. The charges stemmed from an incident that occurred on September 28, 2017, in Queens, during which the defendants, each aiding the other, stole property from Mohamaad Alam and caused serious physical injury to him. According to the People, the defendant grabbed Alam's cell phone and ran, and when Alam attempted to pursue him, Kimble punched Alam, causing him to fall to the ground and hit his head. On January 30, 2018, Alam died, allegedly as a result of the injuries sustained in connection with the incident.
On March 1, 2018, the defendant appeared before the Supreme Court. At the outset of the proceeding, the People indicated that the defendant would plead guilty to robbery in the first degree, the top count of the indictment, in exchange for a sentence of 10 years' imprisonment followed by 5 years of postrelease supervision, to run concurrently with "any of the VOPs that the defendant will get time on" in connection with an unrelated Family Court matter. The court asked whether "[t]hat plea and that sentence is without YO adjudication," to which the prosecutor answered, "Correct, your Honor." Defense counsel acknowledged that the defendant would accept the plea agreement. The prosecutor also noted that the People would not "pursue an indictment on the murder charges in this case." The defendant then pleaded guilty to robbery in the first degree. During the plea colloquy, upon questioning from the court, the defendant admitted, among other [*2]things, that he, along with his codefendant, on September 28, 2017, in Queens, forcibly stole property from Alam, that during the commission of that crime or in the immediate flight therefrom "serious injury was caused to" Alam, and that Alam was not a participant in the crime. The defendant also purported to waive his right to appeal.
On April 12, 2018, the defendant again appeared before the Supreme Court and was sentenced, as promised, upon his conviction of robbery in the first degree, to 10 years' imprisonment followed by 5 years of postrelease supervision. During the sentencing proceeding and consistent with the plea agreement, the court did not make a determination as to whether the defendant was eligible for youthful offender treatment. The defendant did not file a notice of appeal from his judgment of conviction. Thus, his judgment of conviction became final as of May 12, 2018.
In September 2022, the defendant moved pro se pursuant to CPL 440.20 to set aside his sentence on the ground that the Supreme Court failed to make a determination at sentencing pursuant to CPL 720.10 and 720.20 as to whether he should receive youthful offender treatment. Thereafter, the court assigned counsel to represent the defendant in connection with the motion. Assigned counsel joined the defendant's motion and submitted, among other things, certain records concerning the defendant's unrelated Family Court matter. Based upon the foregoing, counsel argued that the defendant was an eligible youth within the meaning of CPL 720.10, and that the sentencing court erred by failing to determine pursuant to CPL 720.20 whether the defendant should be afforded youthful offender treatment.
The People opposed the motion. In a memorandum of law, the People conceded that the defendant is "an eligible youth not covered by any of the statutory exemptions" set forth in CPL 720.10. Despite this concession, the People argued, among other things, that the defendant could not seek to set aside his sentence on a motion pursuant to CPL 440.20. The People primarily argued that "a claim that the sentencing court failed to consider youthful offender treatment is a challenge to the court making a youthful offender finding in the first instance and cannot constitute a challenge to the sentence."
In an order dated November 8, 2023, the Supreme Court acknowledged that "the minutes from the defendant's plea and sentencing reveal that the defendant accepted a plea offer from the People that expressly excluded youthful offender treatment, and that the sentencing court did not make a determination of whether he should be adjudicated a youthful offender." The court, however, determined that it was "constrained by law and relevant caselaw to find that while it is an error that could have been remedied through other means, the defendant cannot do so through a motion pursuant to CPL § 440.20 that seeks to set aside an otherwise valid and lawful sentence." Relying upon the opinion and order of the Appellate Division, Third Department, in People v Vanderhorst (199 AD3d 119), the court reasoned that because the sentencing court's failure to make a determination of whether the defendant should have been granted youthful offender treatment involves a finding "that ultimately goes to the judgment of conviction," the defendant's contention did not concern whether the sentence imposed was unauthorized, illegally imposed, or otherwise invalid as a matter of law. Accordingly, the court denied the defendant's motion.[FN1]
A Justice of this Court granted the defendant leave to appeal.
Analysis
On appeal, the defendant essentially contends that the Supreme Court erred by denying his motion pursuant to CPL 440.20 on the ground that such a motion was an improper vehicle by which to argue that the sentencing court failed to consider whether he was eligible for youthful offender treatment. In response, the People, primarily relying upon People v Vanderhorst (199 AD3d 119), contend that the court properly denied the defendant's motion. We find the [*3]defendant's contentions persuasive.
Pursuant to CPL 440.20(1), "[a]t any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." Where the court grants a motion made pursuant to CPL 440.20, the "order setting aside a sentence . . . does not affect the validity or status of the underlying conviction, and after entering such an order the court must resentence the defendant in accordance with the law" (id. § 440.20[4]). Importantly, "a motion pursuant to CPL 440.20 to set aside a sentence may be brought even though the illegality upon which it is grounded presently is appealable or could with due diligence have been appealed" (People v Jurgins, 26 NY3d 607, 612 n 2 [alterations and internal quotation marks omitted]). Here, then, the defendant's failure to file a notice of appeal from the judgment does not, by itself, bar consideration of his motion pursuant to CPL 440.20 to set aside his sentence on the ground that the sentencing court failed to determine whether he should have been afforded youthful offender treatment.
Notably, the terms "unauthorized, illegally imposed or otherwise invalid as a matter of law" are not further defined by CPL 440.20 or any other statute. However, this Court has stated that "[a] trial-level court has no authority under CPL 440.20 to reduce a valid sentence in the interest of justice" (People v Jogie, 118 AD3d 1025, 1026). At the same time, a defendant may move pursuant to CPL 440.20 to set aside a sentence based upon his or her status as a second felony offender (see e.g. People v Jurgins, 26 NY3d at 612; People v Momoh, 192 AD3d 915, 917), or where the sentencing court and/or the People failed to follow the statutory procedures set forth in CPL 400.15 and 400.16 prior to imposing sentence upon a defendant as a persistent violent felony offender (see e.g. People v Kirby, 196 AD3d 601, 602; People v Rivera, 143 AD3d 1002, 1003). However, where a defendant moved pursuant to CPL 440.20 "to be relieved of his duty to register annually under [the Sex Offender Registration Act (SORA)], on the ground that the statute requiring his certification as a sex offender was unconstitutional as applied to him, " this Court determined that the defendant could not seek such relief pursuant to CPL 440.20 (People v Lisle-Cannon, 31 AD3d 467, 468). As this Court reasoned, "[w]hile a defendant's certification as a sex offender under SORA is part of the judgment of conviction, it is not part of the sentence" (id. [citations omitted]; see People v David, 203 AD3d 739, 740), since a SORA determination "is regulatory, rather than criminal, in nature, and is not intended to effect punishment" (People v Mitchell, 300 AD2d 377, 378 [citations omitted]). Additionally, the provisions of the Criminal Procedure Law "governing the making and determination of post-judgment motions and the taking and determination of appeals in criminal cases, apply to post-judgment motions and appeals with respect to youthful offender adjudications wherever such provisions can reasonably be so applied" (CPL 720.30).
"Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea agreement" (People v Kimble, 228 AD3d at 886 [alterations and internal quotation marks omitted]; see People v Rudolph, 21 NY3d 497, 501; People v Carranza, 216 AD3d 814, 814; People v Baldwin, 186 AD3d 498, 498). As relevant here, CPL 720.10(1) defines "youth" as "a person charged with a crime alleged to have been committed when he [or she] was at least sixteen years old and less than nineteen years old." An "eligible youth" means "a youth who is eligible to be found a youthful offender" (id. § 720.10[2]). "Every youth is so eligible" (id.) unless "the crime is one of several serious felonies excluded by the statute, or unless defendant has a prior felony conviction or has been adjudicated a youthful offender in a previous case" (People v Rudolph, 21 NY3d at 500).
CPL 720.20(1) states that "[u]pon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender," based upon certain criteria contained in the statute (id. § 720.20[1][a], [b] [emphasis added]). "Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding; and the court must sentence the defendant pursuant to section 60.02 of the penal law" (id. § 720.20[3] [emphasis added]). A "youthful offender adjudication is comprised of [both] a youthful offender finding and the youthful offender sentence imposed thereon and is completed by imposition and entry of the youthful offender sentence" (id. § 720.10[6]).
A youthful offender "finding brings with it certain advantages," which include "the [*4]sealing of records relating to the prosecution, and the avoidance of disabilities that might otherwise result from a conviction, including disqualification from public office and public employment" (People v Rudolph, 21 NY3d at 500-501). Additionally, under Penal Law § 60.02(2), which the sentencing court must apply, when imposing sentence "upon a youthful offender finding which has been substituted for a conviction for any felony, the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony." Such a conviction carries a maximum sentence of four years' imprisonment (see id. § 70.00[2][e]).
In 1977, the Court of Appeals decided People v McGowen (42 NY2d 905). There, the defendant claimed that his sentence was "defective because the court did not expressly make a determination on the record, regarding his eligibility for youthful offender treatment, before imposing sentence" (id. at 906). In a memorandum decision, the Court held that "in view of the fact that the defendant made no assertion at the time of sentence that he was entitled to an adjudication of his youthful offender status, his right thereto was waived" (id.). The Court noted that "[t]he statute requiring the court to make the determination is not like those which by their terms, indicate it is the court's responsibility to alert the defendant or his [or her] lawyer to his [or her] rights or the detriment he [or she] may suffer" (id.). Accordingly, "[u]nder the circumstances of this case," the Court found "no basis for concluding that the sentence should be set aside" (id.; see e.g. People v Watts, 91 AD3d 678, 679; People v Cox, 4 AD3d 481, 482).
In 2013, however, the Court of Appeals expressly overruled People v McGowen (see People v Rudolph, 21 NY3d at 499). In People v Rudolph (21 NY3d at 501), the Court of Appeals determined that "the legislature's use of the word 'must'" in CPL 720.20(1) "reflect[ed] a policy choice that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (emphasis added). Acknowledging that defendants ordinarily "may choose to give up their rights, even very important ones," the Court determined that "this right—not a right to receive youthful offender treatment, but to have a court decide whether such treatment is justified—is different" (id.). As the Court reasoned, "[t]o disable a court from making that decision is effectively to hold that the defendant may not have the opportunity for a fresh start, without a criminal record, even if the judge would conclude that that opportunity is likely to turn the young offender into a law-abiding, productive member of society" (id.). Stated differently, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (id.).
The Court of Appeals "also considered the possibility that" its holding in Rudolph would "permit collateral attacks on sentences that had already become final" (id. at 502). However, applying "the factors that determine the retroactivity of judicial decisions," the Court was "satisfied that there is no reason why the overruling of McGowen should have any application to cases where the appellate process has been completed" (id.).
Thereafter, in People v Middlebrooks (25 NY3d 516, 525), the Court of Appeals emphasized that, under Rudolph, "[t]he court cannot comply with the mandate of CPL 720.20(1), which requires the court to determine the youthful offender status of every eligible youth, unless the court first makes the threshold determination as to whether the defendant is, in fact, an eligible youth." In People v Pacherille (25 NY3d 1021, 1024), the Court of Appeals, again emphasizing its holding in Rudolph, confirmed that a valid waiver of the right to appeal is "not enforceable in the face of a failure to consider youthful offender treatment."
Post-Rudolph, this Court has consistently held that "'[w]here a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record'" (People v Carranza, 216 AD3d at 814, quoting People v Lockwood, 184 AD3d 670, 670). Thus, where a defendant demonstrated on direct appeal that he or she was "an eligible youth" but "the record d[id] not demonstrate that the Supreme Court made such a determination," this Court has vacated the sentence and remitted the matter to the sentencing court "for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment" (id. at 814-815 [emphasis added]). Moreover, some defendants have utilized postjudgment motion practice to receive review of sentences imposed upon them where the sentencing court had failed to make a determination at sentencing as to whether they should have been afforded youthful offender treatment (see People v Moronta, 163 AD3d 851, 851 [while the defendant's direct appeal was pending, he "successfully moved before the Supreme Court, pursuant to CPL 440.20, to vacate his sentence on the ground that the sentencing court had failed to consider [*5]whether he should be adjudicated a youthful offender"; "following a resentencing proceeding, the original sentence was vacated and a resentence was imposed"]; see also People v Singh, 171 AD3d 953, 953-954). Additionally, where appellate counsel failed "to contend on appeal that the Supreme Court failed to determine whether the defendant should be afforded youthful offender status," this Court granted the defendant's application for a writ of error coram nobis, modified the judgment by vacating his sentence, and remitted the matter to the Supreme Court "for resentencing after making a determination as to whether the defendant should be sentenced as a youthful offender" (People v Downing, 200 AD3d 704, 705 [emphasis added]).
Here, as the People conceded in opposition to the defendant's motion, the defendant was an "eligible youth" (see CPL 720.10). However, despite the defendant's status as an "eligible youth," the Supreme Court failed to make the required youthful offender determination at the sentencing proceeding. Since the court was required to make this determination on the record at sentencing, the court's failure to follow this statutorily-mandated procedure rendered the defendant's sentence invalid as a matter of law (see id. § 440.20[1]; People v Rudolph, 21 NY3d at 501; People v Belford, 210 AD3d 793, 794; People v Downing, 200 AD3d at 705; People v Slide, 197 AD3d 1184, 1185; People v Baldwin, 186 AD3d at 498; People v Lockwood, 184 AD3d at 670; People v Lessane, 169 AD3d 827, 827-828).
Contrary to the People's contention, People v Vanderhorst does not compel a different result. Notably, the defendant in Vanderhorst, who was 16 years old at the time of his offense, was convicted of manslaughter in the first degree and sentenced in 2012, before the Court of Appeals decided Rudolph (see People v Vanderhorst, 199 AD3d at 120-121). After the defendant appealed from his judgment of conviction, but before he had filed an appellate brief, the Court of Appeals decided Rudolph (see id. at 122). However, the defendant did not raise any contentions concerning youthful offender status on direct appeal (see id. at 120-121). It was not until the defendant's second postjudgment motion, made in 2019, that the defendant argued that the sentencing court never addressed the defendant's eligibility for youthful offender treatment prior to sentencing (see id. at 121). The Supreme Court granted that branch of the defendant's motion, determining that "the validity of the sentence [was] reviewable under CPL 440.20" (id. [internal quotation marks omitted]).
In framing the issue, the Third Department acknowledged that "no court at the trial or appellate level had considered whether defendant should have been treated as a youthful offender under CPL 720.20" (id. at 122-123). However, the Third Department ultimately agreed with the People that since "there was nothing substantively illegal about the imposed sentence," that is, since the sentence imposed upon the defendant fell within the permissible sentencing range for manslaughter in the first degree, CPL 440.20, "a statute that empowers a court to set aside an unauthorized, illegal or invalid sentence—does not authorize the relief granted by [the] Supreme Court" (People v Vanderhorst, 199 AD3d at 123-124).
However, the decision in Vanderhorst highlighted that the defendant was sentenced pre-Rudolph, with the Third Department determining that the issue on appeal "centers on the failure to determine, in 2012, whether defendant should have been given youthful offender status—a finding that ultimately goes to the judgment of conviction" (id. [emphasis added]). Here, however, the defendant, an eligible youth, was sentenced post-Rudolph. Therefore, the sentencing court was required to determine, on the record, whether the defendant should be afforded youthful offender treatment prior to imposing sentence (see People v Rudolph, 21 NY3d at 501).
Moreover, contrary to the People's contention and the Third Department's conclusion in Vanderhorst, the fact that a youthful offender determination replaces the underlying conviction with a youthful offender adjudication does not render CPL 440.20 an improper vehicle for setting aside the defendant's sentence. When a defendant makes a successful motion pursuant to CPL 440.20, the order setting aside the sentence "does not affect the validity or status of the underlying conviction" (id. § 440.20[4]). It is only after the motion court sets aside the sentence that the defendant may be resentenced pursuant to CPL 440.20(4). Similarly, where a defendant successfully challenges a sentencing court's failure to determine whether he or she should be afforded youthful offender treatment prior to imposing sentence on direct appeal, this Court has consistently only vacated the defendant's sentence and remitted the matter to the sentencing court "for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment" (People v Carranza, 216 AD3d at 815 [emphasis added]).
In this respect, the failure to make a youthful offender determination is analogous to [*6]a sentencing court's failure to follow the proper procedure prior to sentencing a defendant as a predicate felon (see People v Kirby, 196 AD3d at 602; People v Rivera, 143 AD3d at 1003). Here, by failing to follow the proper procedure, i.e., by failing to determine pursuant to CPL 720.10 and 720.20 whether an eligible youth should be afforded youthful offender treatment, the sentencing court imposed a sentence for robbery in the first degree, a class B violent felony, which required the sentencing court to sentence the defendant to a determinate term of imprisonment of at least 5 years with a maximum term of 25 years (see Penal Law § 70.02[1][a]; [2][a]; [3][a]). However, upon a determination that the defendant should be afforded youthful offender treatment, the sentencing court would have been required to sentence the defendant in accordance with Penal Law § 60.02(2), which limits the maximum sentence for a felony to four years' imprisonment. Moreover, although a "youthful offender finding" replaces the underlying conviction, a "youthful offender adjudication" encompasses both the "youthful offender finding" and the "youthful offender sentence" (CPL 720.10[4], [5], [6]; 720.20[3]). Thus, unlike a SORA determination, which does not affect a defendant's sentence (see People v Lisle-Cannon, 31 AD3d 467), a youthful offender finding necessarily affects the sentence ultimately imposed by the sentencing court (see CPL 720.10[4]-[6]; 720.20[3]; People v Rudolph, 21 NY3d 497; People v Kirby, 196 AD3d 601; People v Rivera, 143 AD3d at 1003). Therefore, the sentencing court's determination as to whether a defendant should be afforded youthful offender treatment is inextricably intertwined with the sentence that the court must impose, and any sentence imposed upon an eligible youth who has not received a determination as to whether he or she should be afforded youthful offender treatment is invalid as a matter of law (see CPL 440.20[1]; People v Rudolph, 21 NY3d at 501).
Vanderhorst also concluded that by "foreclosing retroactive application of the new rule announced in Rudolph to collateral proceedings, the Court of Appeals necessarily rejected the view that sentences imposed under its prior precedent were illegal, unauthorized or invalid" (People v Vanderhorst, 199 AD3d at 124). Thus, in Vanderhorst, because that defendant's sentence, which was imposed pre-Rudolph, "did not run afoul of the then-prevailing statutory procedural requirements for sentencing under CPL article 720," the new interpretation of the youthful offender statute under Rudolph "did not make his sentence illegal, invalid or unauthorized" (id. [emphasis added]). Assuming, without deciding, that this analysis of Rudolph's retroactivity considerations is correct, the Court of Appeals in Rudolph did not opine on whether a defendant sentenced post-Rudolph could seek to set aside his or her sentence pursuant to CPL 440.20. Here, the defendant's sentence was imposed post-Rudolph. Thus, unlike the sentencing court in Vanderhorst, here, the sentencing court's failure to make a determination as to whether the defendant should have been afforded youthful offender treatment ran afoul of the "prevailing statutory procedural requirements for sentencing under CPL article 720" (People v Vanderhorst, 199 AD3d at 124; see People v Rudolph, 21 NY3d at 501). Given Rudolph's command that every eligible youth receive a determination as to whether he or she should be afforded youthful offender treatment (see People v Rudolph, 21 NY3d at 501-502), a defendant who does not receive such consideration at sentencing necessarily receives a sentence that is "invalid as a matter of law" (CPL 440.20[1]).
Therefore, we grant the defendant's motion to set aside the sentence pursuant to CPL 440.20, vacate the sentence, and remit the matter to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Kimble, 228 AD3d at 886; People v Belford, 210 AD3d at 794; People v Johnson, 193 AD3d 1076, 1076-1077). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
Accordingly, the order is reversed, on the law, the defendant's motion pursuant to CPL 440.20 to set aside the sentence is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
IANNACCI, J.P., CHRISTOPHER and MCCORMACK, JJ., concur.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.20 to set aside the sentence is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1:*Shyquan Kimble, the defendant's codefendant, also pleaded guilty to robbery in the first degree, and, like the defendant, was sentenced upon that conviction to 10 years' imprisonment. Kimble appealed from his judgment of conviction, and this Court determined that "even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination" (People v Kimble, 228 AD3d 886, 886). As such, this Court determined that "the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment" (id.). In their brief on this appeal, the People state that on July 23, 2024, Kimble was resentenced as a youthful offender.