People v Yankanah
2026 NY Slip Op 03692
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Jevaughn Yankanah, appellant. (S.C.I. No. 71151/22)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2023-05097
Lara J. Genovesi, J.P.
Cheryl E. Chambers
Helen Voutsinas
Phillip Hom, JJ.

Twyla Carter, New York, NY (Megan Taeschler of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Ariel Gootkin on the brief), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Marcia P. Hirsch, J.), rendered April 28, 2023, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
"'Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain'" (People v Suckoo, 236 AD3d 830, 830, quoting People v Carranza, 216 AD3d 814, 814; see People v Rudolph, 21 NY3d 497, 501). "Where a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record" (People v Suckoo, 236 AD3d at 830 [internal quotation marks omitted]; see People v Steele, 244 AD3d 57, 64-65). Here, the People correctly concede that, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made a youthful offender determination.
Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Suckoo, 236 AD3d at 830; People v Carranza, 216 AD3d at 815). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
Further, upon determination of the defendant's youthful offender status and resentencing, the Supreme Court must reconsider the imposition of mandatory surcharges and fees (see People v Suckoo, 236 AD3d at 830-831; People v Carranza, 216 AD3d at 815).
In light of our determination, we need not reach the defendant's remaining contentions.
GENOVESI, J.P., CHAMBERS, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court