People v Proffitt (2025 NY Slip Op 06079)

People v Proffitt

2025 NY Slip Op 06079

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2023-05082 
2023-05083

[*1]The People of the State of New York, respondent,
v
Alex Bovell Proffitt, appellant. (Action No. 1.)
The People, etc., respondent,Alex Proffitt, appellant. (Action No. 2.)

(Ind. Nos. 70894/20, 73429/21)

Patricia Pazner, New York, NY (Samantha Jerabek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Craig S. Walker, J.), both rendered May 23, 2023, convicting him of attempted murder in the second degree under Indictment No. 70894/20, and criminal possession of a firearm under Indictment No. 73429/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). As the People correctly concede, the defendant was an eligible youth (see CPL 720.10[2]). However, the record does not demonstrate that the Supreme Court considered and made a determination as to whether the defendant should be afforded youth offender treatment (see People v Baldwin, 186 AD3d 498, 498; People v Johnson, 181 AD3d 619, 621-622). Accordingly, we vacate the sentences imposed and remit the matters to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment and, thereupon, resentencing.
In light of our determination, we need not reach the defendant's remaining contention.
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court